IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAWSON, R72570, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 22-cv-388-DWD |
| vs. | ) ) |
| JEFFREY DENNISON, CHAD WALL, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On August 7, 2023, the Court found that Plaintiff Christopher Dawson had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) and it granted summary judgment in favor of the Defendants.  (Docs. 37, 38).  Subsequently, on September 5, 2023, Plaintiff filed a "Response in Opposition to 37 Order," wherein he restated that he believed the Court should deny the Defendant's Motion for Summary Judgment on exhaustion. (Doc. 39).  The Defendants responded.  (Doc. 40).

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."  "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact."  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (*citing Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.

2000)).  Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment.  Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief.  FED. R. CIV. PROC. 60(b). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).  It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

Plaintiff did not technically file a pleading labeled as a motion, but as a pro se litigant the Court reads his pleading broadly and will consider if he has identified a basis to alter or amend the judgment.  Plaintiff filed his pleading (Doc. 40) within 28 days of judgment, so the pleading could be considered under Rules 59 or 60.  Regardless of which

Rule the applies, Plaintiff has not established a legal or factual error sufficient to warrant the relief he seeks.  Plaintiff's pleading simply rehashes facts and legal arguments that he already presented, and that the Court considered in detail in the earlier written order.  Plaintiff stresses that because his life was in danger his grievances should have been deemed emergencies and that his grievances were mishandled, but even if there was traction to this argument, the Court ultimately found that the grievances made no mention of the Defendants in this case and thus could not exhaust a claim against them.  Plaintiff does not identify any specific mistake or error in this finding, and instead demonstrates disappointment with the outcome in this case.  A manifest error cannot be demonstrated by the "disappointment of the losing party," *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), so Plaintiff's efforts to rehash the findings in this case are insufficient.

**IT IS SO ORDERED.**

**Dated**: April 19, 2024                                    /s *David W. Dugan*
                                                                                   _____
                                                                                   DAVID W. DUGAN
                                                                                   United States District Judge